UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In Re:

GABRIEL SILVA                                                       CHAPTER     13
                                                                    CASE NO.    13-39513-AJC

    Debtor.
_____/

### RESPONSE OPPOSING THE TRUSTEE'S OBJECTION TO AMENDED CLAIM NO. 4-2 FILED BY WORLD OMNI FINANCIAL CORP. REGARDING A 2013 TOYOTA TUNDRA TRUCK

    The Creditor, World Omni Financial Corp. ("World Omni" or "Creditor") by and through undersigned counsel files this Response Opposing the Trustee's Objection to Amended Claim No. 14-2.

    1.    On December 12, 2013, Debtor filed for chapter 13 bankruptcy protection.

    2.    On September 26, 2013, 78 days prior to the petition date, Debtor signed a Retail Installment Sales Contract with World Omni for $50,325.00 (the "Contract") which calls for 75 monthly payments of $671.00 over a period of years and which allowed Debtor to purchase the **2013 TOYOTA TUNDRA TRUCK VIN 5TFRU5F10DX030525** (the collateral "Truck").

    3.    The Contract grants World Omni a first priority purchase money security interest in the Truck perfected by issuance of the Certificate of Title by the State of Florida.

    4.    On February 18, 2014, prior to the May 7, 2014 claims bar date, Creditor filed its initial claim (#4) for the $35,571.61 Debtor owed on the Truck at the bankruptcy filing (the "Claim").

    5.    On March 7, 2014, Debtor filed an objection to World Omni's initial Claim #4 [ECF No. 31] (the "Objection") stating that,

> Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B-(2), the debtor objects to the following claim filed in this case: **CLAIM #4, filed by WORLD OMNI FINANCIAL CORP. in that the debtor surrenders any and all interest in the subject property, and therefore the claim should be ALLOWED but no distribution from the Chapter 13 Plan.**

200012.5039 / 33392

6.  As Creditor had no opposition to the terms of both the Confirmed [ECF No. 39] 2nd Amended Plan [ECF No. 36] or the Objection in that both properly recognized Debtor's intent to surrender and that Creditor's secured Claim #4 on the 910-day Contract should remain ALLOWED as filed, but not entitled to distribution by the Trustee, Creditor filed no pleadings opposing the Objection or the Plan's confirmation.

7.  On April 2, 2014, the 2nd Amended Plan was confirmed granting Creditor relief from the automatic stay [ECF No. 39].

8.  Unfortunately, on April 9, 2014, Debtor's *wrongly* submitted Order [ECF No. 42] was granted containing *erroneous* language that DISALLOWED Creditor's initial secured Claim #4 (the "Order").

9.  On April 16, 2013, Creditor was forced to file a Motion to Vacate [ECF No. 45] (the "Motion") said *incorrect* Order.

10. On May 7, 2014 the claims bar date passed.

11. On May 27, 2014, Creditor's Motion was granted [ECF No. 48].

12. On June 5, 2014, Debtor's *corrected* Agreed Order [ECF No. 49] was entered ALLOWING Claim #4 as it should have been 3 months earlier.

13. On July 29, 2014, the Truck was sold and on September 4, 2014, Creditor filed its *Amended* unsecured Claim for the $17,086.95 deficiency balance Debtor still owes on the Contract. See **Exhibit C** attached.

14. On August 25, 2015, the Chapter 13 Trustee filed an objection to the allowance of Creditor's Amended *unsecured* Claim #4-2 for the deficiency balance on the grounds that said amended claim was filed after the claims bar date [ECF No. 57].

15. As Creditor could not know at the petition date if Debtor would complete the payments he contracted for or surrender prior to pay off or what condition the Truck might be in at the time of surrender, there remains the possibility of a future *unsecured* deficiency portion of Debtor's unpaid debt on this 910-day Contract. As such, World Omni took the precaution of expressly stating in §1 of its initial Claim form, "*Creditor reserves the right to amend its claim to seek a deficiency balance if any in the event Creditor's collateral is liquidated.*"

16. Creditor's amended *unsecured* deficiency Claim #4-2 relates back to the original timely filed original Claim #4-1. *In Re: Barrett*, No. 07-14796, No., 07-14797 (11th Cir. 9/29/2008) (11th Cir., 2008); *In Re: Winters*, 380 B.R. 855 (2007).

200012.5039 / 33392

17.     Were it not for the Debtor's failure to duplicate in the proposed order the terms asked for in the pleading, Creditor may well have been able to file its amended unsecured Claim for the deficiency balance prior to the claims bar date.

18.     The Trustee's Objection which asks that Creditor's Amended Claim No. 4-2 be disallowed and stricken should be overruled.

19.     As World Omni's unsecured claim #4-2 was filed a mere four (4) months after the claims bar date and has remained allowed for over a year, no other creditors will be adversely affected by the continued allowance of Claim #4-2, nor will the Trustee be administratively burdened.

20.     Creditor's amended *unsecured* claim for the $17,086.95 deficiency balance #4-2 must remain allowed as filed as Debtor continues to owe this debt to World Omni according to the terms of the underlying 910-day Contract between the Parties.  *In re: Hughes*, 402 B.R. 404 (Bankr. M.D. Fla. 2008).

**WHEREFORE**, Creditor respectfully requests the entry of an order that:

(a)     Accepts World Omni's offered statement of the facts;

(b)     Overrules the Trustee's Objection;

(c)     Allows World Omni's amended unsecured Claim #4-2 as filed for the $17,086.95 deficiency balance on this collateral Truck and 910-day Contract, entitling it to a *pro rata* share of monies set aside to pay the unsecured creditors;

(d)     Grants Creditor such other and further relief as the Court deems appropriate.

TRIPP SCOTT P.A.
*Attorneys for the Creditor World Omni*
110 SE 6th Street, 15th Floor
Fort Lauderdale, Florida 33301
bankruptcy@trippscott.com
Tel:  (954) 525-7500

/s/ *Christina V. Paradowski*
Christina V. Paradowski, Esquire
Florida Bar No.  56708

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing Response Opposing the Trustee's Objection to Amended Claim 4-2 was furnished by electronic or U.S. Mail to Gabriel E. Silva, 6490 NW 197 LN, Miami, FL 33015; Patrick L. Cordero, Esquire, 198 NW 37 Avenue, Miami, FL 33125 PCBankruptcyMail@pcorderolaw.com; Trustee, Nancy K. Neidich, POB 279806, Miramar, FL 33027; Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130; Office of the U.S. Trustee 51 SW 1st Avenue, Suite 1204, Miami, FL 33130 USTPRegion21.MM.ECF@usdoj.gov, on this 24th day of September, 2015.

/s/ *Christina V. Paradowski*
Christina V. Paradowski, Esquire
Florida Bar No. 56708